No. 3359. NEW ENGLAND MORTGAGE SECURITY CO. *v.* McMILLAN, April Term, 1894. On the regular call of this cause on the docket on April 19, appellant's counsel not being present, an order was passed PER CURIAM, on respondent's motion, dismissing the appeal under Rule 11, for failure of appellant to file copies of his points and authorities with the clerk of this court three days before the hearing, as required by Rule 8, such failure being certified to by the clerk. *J. J. Brown*, for the motion.

No. 3373, was a motion to reinstate this appeal on affidavits showing diligence in preparing all necessary papers, a delay in filing by reason of failure on the part of the printer to deliver at the time promised, the receipt of the points and authorities from the printer on the afternoon of the 16th, their filing early on the 17th, and that respondent's attorney did not demand his copy from the clerk until the 17th, and received it on first demand. There was a counter-affidavit from the clerk,

that if the papers had been delivered to him at his residence during the afternoon of the 16th, he would have marked them filed as of that date.

The motion to reinstate was refused April 30, 1894, by a formal order PER CURIAM, the court saying:

The motion to reinstate is practically on the ground of excusable neglect, and a very strong showing has been made in support thereof. Counsel used great and commendable diligence in preparing their case for appeal, and certainly were not guilty of any default in that respect. But the trouble is, after they had perfected their case for a hearing, the default, however unintentional, occurred. This is the first motion of this kind ever made in this court—that is, to reinstate an appeal dismissed for failure to comply with Rule 8, on the ground of excusable neglect. We have frequently heard motions and granted relief on this ground under Rule 1, on failure to file the return as required by this rule. The court has always with a great deal of reluctance dismissed appeals under Rule 8; and we have, therefore, struggled to find some way by which to relieve the appellant now, and endeavored to bring his motion under section 349 of the Code. This is the old act of 1880, and has reference to the perfecting of the appeal; and unfortunately the present motion cannot be brought under its provisions. This default did not occur until after the appeal had been perfected and was ready for a hearing. Hence the act of 1880 does not apply. While the default was wholly unintentional, the fact must not be overlooked that, while three counsel represented the appellant, and all reside in this city, not one was present. It seems to us that one of the counsel, at least, could have been present. When cases are called, counsel should be present and respond. The court cannot delay its business and wait for counsel. The rule is imperative, and, its provisions having been invoked, we have no alternative but to accord to the respondent the right it allows. Refused.

*A. J. Green*, for the motion. *J. J. Brown*, contra.